# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEPHEN E. LEE,**

          Plaintiff,

          -vs-

**Case No. 08-C-772**

**STATE OF WISCONSIN,**
**MILWAUKEE COUNTY CIRCUIT COURT**

          Defendant.

# DECISION AND ORDER

This matter comes before the Court on Stephen E. Lee's ("Lee") request to proceed *in forma pauperis* ("IFP"). Lee filed this action as an attempt to remove a criminal case from Milwaukee County Circuit Court. To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See* 28 U.S.C. §§ 1915(a)(1) & (e)(2).

The basis for Lee's attempted removal is his claim that the manner in which jurors are selected for criminal trials under Wisconsin statute is unconstitutional because "jurors are selected and juror lists are maintained and organized on the basis of race pursuant to those statutes." This is a frivolous claim, presenting no basis to assert federal jurisdiction over Lee's state criminal case.

In addition, a search of the Wisconsin Circuit Court Access (WCCA) website reveals that Lee was arraigned on December 29, 2007. Therefore, Lee's attempted removal is also untimely. *See People of the State of N.Y. v. Mitchell*, 637 F. Supp. 1100 (S.D.N.Y. 1986) (petition for removal filed more than five months after arraignment in state court was untimely); 28 U.S.C. § 1446(c)(1) (notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in state court).[1]

More important, Lee is a frequent filer of frivolous lawsuits. On June 25, 2001, the Court entered an order in which Lee was "barred from future civil filings in this judicial district for a period of *at least two years*." *Lee v. Kenosha County Circuit Court, et al.*, Case No. 00-C-1191.[2] Exception was made only for criminal cases in which Lee was a defendant, petitions for writs of habeas corpus, and papers seeking or related to appeals in previously docketed cases. The Court also noted that Lee could file a motion to modify or rescind the Order after the initial two year period. Lee did not file a motion to modify the Court's *Mack* order.

The Clerk accepted this filing from Lee because of the possibility that the Court's *Mack* order expired.[3] However, the initial *Mack* order remains in effect because Lee never filed a motion for modification. Moreover, the circumstances surrounding the instant case

---

[1] The removal is procedurally improper in other respects. *See* § 1446(a) (defendant seeking to remove a criminal prosecution must file "a copy of all process, pleadings, and orders served upon such defendant or such defendants in such action").

[2] This is known as a *Mack* order. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

[3] There is also arguable confusion as to whether this case could actually be considered a criminal case rather than a civil case.

are quite similar to the circumstances that prompted the initial *Mack* order. In both instances, Lee was charged with theft in circuit court. In both instances, Lee was released on bond pending trial. In both instances, Lee brought a frivolous federal lawsuit alleging that the State of Wisconsin maintains unconstitutional jury selection procedures. Lee's pattern of unlawful, then litigious behavior is repeating itself. Therefore, the Court finds it appropriate to enter a new *Mack* order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Lee's request to proceed IFP [D. 4] is **DENIED**;

2. This matter is **DISMISSED** as frivolous; and

3. The Clerk is directed to return unfiled any papers submitted to this District, directly or indirectly, by Lee or by anyone else on his behalf. Exception shall be made only for the following: (A) criminal cases in which Lee is a defendant; (B) petitions for writs of habeas corpus; and (C) papers seeking or related to an appeal in any case docketed before today's date. Lee may submit to this Court a motion to modify or rescind this Order no earlier than two years from the date of this Order. This Order shall remain in effect unless and until it is rescinded or modified by the Court.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2008.

SO ORDERED,

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**