STEPHEN E LEE,

                Plaintiff,

                                      Case No. 08-cv-0772-bhl

      v.

STATE OF WISCONSIN and MILWAUKEE
COUNTY CIRCUIT COURT,

                Defendants.

---

**ORDER DENYING MOTION TO RESCIND OR MODIFY MACK ORDER**

---

Plaintiff Stephen E. Lee, proceeding without an attorney, asks the Court to rescind or modify a filing bar that was entered against him on September 24, 2008. (ECF No. 9; ECF No. 6.) Under the September 24, 2008 Order, Lee is barred from filing any new lawsuits based on the Court's finding that he had engaged in a long pattern of filing frivolous litigation. (ECF No. 6 at 1–2.) The Court noted that Lee was then, in fact, already subject to an earlier filing bar, entered on June 25, 2001, that barred him making future filings for at least two years from that date.[1] (*Id.* at 2.) Because the record shows the continued need for the bar, and Lee has not demonstrated good cause for its termination, his request will be denied.

Lee explains that he wants his filing bar lifted so that he can file a new case under 42 U.S.C. §1983 against a Wisconsin Court of Appeals judge. (ECF No. 9 ¶¶8–13.) According to Lee, the judge improperly failed to recuse himself from hearing one of Lee's appeals, after having heard the case at the trial level, entitling Lee to both injunctive and declaratory relief. (ECF No. 9 ¶¶8–13.) Because the lawsuit Lee seeks to file would be frivolous, his desire to file that lawsuit is not a basis to end the filing bar, it is strong evidence that the Court should continue the bar.

The Wisconsin Court of Appeals has already issued a decision in the underlying case Lee references. *Lee v. Zurich Am. Ins. Co. of New York/ Illinois*, 2024 AP 000352 (Wis. Ct. App. Mar.

---

[1] When Lee sought to rescind or modify *that* filing bar, in 2011, the Court denied his motion, finding that Lee's ongoing pattern of frivolous litigation necessitating continuing the filing bar. *Lee v. Kenosha County Circuit Court*, Case No. 00-cv-1191-RTR, ECF No. 14 (E.D. Wis. Aug. 28, 2000).

31, 2026) https://wscca.wicourts.gov/case/2024AP000352 (last visited May 21, 2026). If Lee believes an error was made in that decision, the appropriate legal route would be to seek relief from the Wisconsin Supreme Court, not through a Section 1983 action in this court. Moreover, the state court docket shows that the judge whom Lee wishes to sue was not even a member of the panel that issued the decision. *Id.* Even worse, on-line records show that Lee has already sued the same judge in state court in a lawsuit he filed two days after he filed his request to lift the *Mack* order in this Court. *See Lee v. Hon. Pedro A. Colon*, Milwaukee Cnty. Case 2026 CV 002292, https://wcca.wicourts.gov (last visited May 21, 2026).

Lee's conduct since the filing bar was put in place also weighs in favor of continuing the bar. He has, in the past five years brought three cases, like the underlying case he references here, that appear tenuously related to a June 2020 incident in a Walgreens store that resulted in a misdemeanor theft charge against Lee, to which he eventually pleaded no contest. *See e.g. Lee v. Walgreen Co.*, 21-cv-00824-LA (E.D. Wis. July 7, 2021) (ECF No. 34 (holding that *Lee*'s case was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)) (removed by defendants); *Lee v. Zurich Am. Ins. Co. of New York/Illinois*, Milwaukee Cnty. Case 2022 CV 006065, https://wcca.wicourts.gov (last visited May 21, 2026.) *Lee v. Hon. Pedro A. Colon*, 2026 CV 002292. In litigating those claims, he has asserted claims against the judges, and even the courts, that presided over his claims. *See e.g. Lee v. Wisconsin Ct. of Appeals, District 1*, 2025 AP 002523-W, https://wscca.wicourts.gov/case/2025AP002523 (last visited May 21, 2026) (Lee filed a "petition for supervisory writ" with the Wisconsin Supreme Court in relation to 2021 CV 003667); *Lee v. Hon. Pedro A. Colon*, 2026 CV 002292.

Lee's most recent motion and his past conduct show the continued need for his filing bar. The 2008 Order barring Lee from filing any papers in this District, with the exception of criminal cases in which Lee is a defendant, petitions for writs of habeas corpus, and papers seeking or related to an appeal in any case docketed before September 24, 2008, shall remain in place.

Accordingly,

**IT IS THEREFORE ORDERED** that Lee's Motion to Rescind or Modify *Mack* Order, ECF No. 9, is **DENIED.**

Dated at Milwaukee, Wisconsin at May 21, 2026.

s/ *Brett H. Ludwig*

BRETT H. LUDWIG
United States District Judge